**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
April 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60706
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS OWENS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:03-CR-9-2-BrS

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury found Carlos Owens guilty of conspiracy to distribute, and possession with the intent to distribute, controlled substances. Owens filed a motion for a new trial based on newly discovered evidence — a police report that contradicted the testimony of the confidential informant as to his culpability in the offense that led to him becoming an informant. Owens appeals the district court's denial of that motion.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Motions for new trials based on newly discovered evidence are disfavored by the courts and therefore are viewed with great caution. See United States v. Pena, 949 F.2d 751, 758 (5th Cir. 1991). This court has established a four-part test, known as the "Berry Rule," for determining whether a new trial should be granted on the basis of newly discovered evidence. United States v. Sullivan, 112 F.3d 180, 183 (5th Cir. 1997). The four factors are whether: (1) the evidence was newly discovered and unknown to the defendant at the time of the trial; (2) the failure to detect the evidence was not a result of lack of due diligence by the defendants; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence will *probably* produce an acquittal. Id. If the defendant fails to meet one of the four factors, the motion for new trial should be denied. Id.

Owens argues that the "Berry Rule" ought to be "relaxed" in his case because of the nature of the evidence not presented — perjured testimony. He suggests that the "alternative criteria" set forth in the "Larrison Rule" would assist this court in determining if he received a fair trial.

The Larrison Rule was annunciated by the Seventh Circuit in Larrison v. United States, 24 F.2d 82, 87-88 (7th Cir. 1928). The rule "relaxes the standard for granting a new trial when material, false or perjured testimony is presented at trial." See Sullivan, 112 F.3d at 183 n.3. Under the rule, a new trial should

2

be granted when (1) the testimony given by a material witness was false; (2) without the false testimony, the jury <u>might</u> have reached a different conclusion; and (3) the party seeking the new trial was "taken by surprise" by the testimony and was unable to meet it or did not know if its falsity until after the trial.  <u>Id</u>.

There is "some doubt" as to whether the <u>Larrison</u> Rule has ever "taken hold" in this circuit.  <u>See</u> <u>id</u>.  At least six circuits have rejected it.  <u>See</u> <u>United States v. Williams</u>, 233 F.3d 592, 594 (D.C. Cir. 2000)(collecting cases); <u>United States v. Huddleston</u>, 194 F.3d 214, 219 (1st Cir. 1999).  Moreover, the Seventh Circuit has overruled <u>Larrison</u> and has adopted the reasonable probability test.  <u>See</u> <u>United States v. Mitrione</u>, _____ F.3d _____ (7th Cir. Feb. 9, 2004), 2004 WL 231508 at *5-6.

Given the foregoing, we decline Owens's invitation to apply the <u>Larrison</u> Rule to these facts and affirm the district court's denial of the motion for a new trial based upon an application of the <u>Berry</u> factors.

Owens also argues that the district court abused its discretion in rejecting his <u>Brady</u>[1] claim based on a determination that the Government did not know of the report's existence.  He argues that because of the close relationship between the Government and the Natchez/Adams County officers, knowledge of the report should have been imputed to the Government.

---

[1]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

Under <u>Brady</u>, the Government's failure to disclose evidence violates due process where the evidence is favorable to the defense and material to guilt or punishment. <u>United States v. Brown</u>, 303 F.3d 582, 593 (5th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1173 (2003). Nondisclosure of evidence affecting credibility falls within <u>Brady</u>'s general rule. <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972). "Materiality is present if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>Brown</u>, 303 F.3d at 593. A reasonable probability exists when suppression of the evidence undermines confidence in the outcome of the trial. <u>Id</u>.

Owens has not shown a reasonable probability that the jury would have voted to acquit had defense counsel had access to the police report. The confidential informant's testimony clearly reflected that he was experienced in the drug trade, and he was effectively cross-examined on his motives for acting as an informant. Moreover, the testimony of the informant was not the only evidence of guilt introduced at trial. The judgment of the district court is **AFFIRMED**.

4